CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 23, 2013

LETTER TO COUNSEL:

RE: *Linda Gesuero v. Commissioner, Social Security Administration*;
Civil No. SAG-11-1480

Dear Counsel:

On May 31, 2011, the Plaintiff, Linda Gesuero, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

This case has a procedural history spanning nearly a decade. Ms. Gesuero filed her claims for benefits on September 14, 2004, alleging disability beginning on March 28, 2003. (Tr. 128, 167-69, 392-94, 489-91). Her claims were denied initially on January 24, 2005, and on reconsideration on June 2, 2005. (Tr. 389-91, 386-88). After a hearing, an Administrative Law Judge ("ALJ") denied benefits. (Tr. 128-35). The Appeals Council admitted additional evidence to the record, but denied review on May 2, 2008. (Tr. 5-15). Ms. Gesuero appealed, and the Commissioner consented to remand the case on May 26, 2009. (Tr. 469). The Appeals Council issued the order effecting the remand on July 1, 2010. (Tr. 474-76). The ALJ held a second hearing on December 22, 2010. (Tr. 1300-30). Following the hearing, on January 27, 2011, the ALJ determined that Ms. Gesuero was not disabled during the relevant time frame. (Tr. 444-60). The Appeals Council declined review, so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Gesuero suffered from the severe impairments of degenerative disc disease and iron-deficiency anemia. (Tr. 449). Despite these impairments, the ALJ determined that Ms. Gesuero retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with sitting six hours in an eight-hour workday, standing and walking up to six hours in an eight-hour workday, and lifting and carrying 10 pounds frequently and 20 pounds occasionally. There are no additional nonexertional limitations.

(Tr. 452). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Gesuero could perform her past relevant work as a payroll clerk and truck broker/dispatcher, and that she was therefore not disabled during the relevant time frame. (Tr. 458).

Ms. Gesuero presents four arguments on appeal, relating to the determination of her RFC: (1) that the ALJ failed to provide a detailed narrative discussion; (2) that the ALJ failed to include a limitation for anemia after finding it to be a severe impairment; (3) that the ALJ insufficiently addressed her fatigue; and (4) that the ALJ failed to properly adjudicate her back condition. Several of her arguments are unpersuasive. However, I agree that the ALJ provided insufficient evidence for me to determine if her RFC assessment as it relates to Ms. Gesuero's anemia and fatigue is based on substantial evidence. Remand is therefore required.

Turning to the unpersuasive arguments, Ms. Gesuero first makes a boilerplate argument, with no specific reference to the ALJ's opinion in her case, suggesting that the ALJ failed to provide a fully detailed narrative discussion of her RFC. Pl. Mot. 6. I disagree. The ALJ provided a seven page written narrative on the RFC alone, in which she summarized Ms. Gesuero's hearing testimony, made a credibility determination, reviewed the objective findings from diagnostic studies, summarized the treatment records, considered Ms. Gesuero's activities of daily living, and assigned weight to the opinion evidence. (Tr. 452-58). Ms. Gesuero's boilerplate argument is therefore entirely inapplicable in this case.

Ms. Gesuero also submits that the ALJ failed to adequately adjudicate her complaints of back pain. Pl. Mot. 7-8. Specifically, Ms. Gesuero contends that the ALJ failed to mention or evaluate Dr. Sullivan's opinion regarding a 2007 discogram. *Id.* In fact, the ALJ discussed this precise evidence in her opinion. (Tr. 454) ("Brian Sullivan, M.D., who performed a neurological consultation on July 2, 2007, reported that the claimant complained of primarily axial low back discomfort with radiation into her left greater than right lower extremity . . . A lumbar discogram was positive with concordant pain at the L4-5 and L5-S1 level."). Ms. Gesuero's assertion that Dr. Sullivan had concluded "that the Plaintiff needed extensive surgery to her lumbar spine" is erroneous. Pl. Mot. 8. Instead, in mentioning the prospect of surgery, Dr. Sullivan stated, "I think we should make it an absolute last resort." (Tr. 121). The ALJ noted that Ms. Gesuero "had only one lumbar epidural injection in 2008 and none since then" and "has not seen her orthopedic surgeon in awhile." (Tr. 454). The ALJ further noted a series of normal examinations during 2007, despite Ms. Gesuero's persistent complaint of back pain. The many medical records cited and discussed by the ALJ, (Tr. 453-55), constitute substantial evidence supporting the ALJ's evaluation of Ms. Gesuero's back pain.

A problem lies, however, in the ALJ's consideration of the functional limitations resulting from Ms. Gesuero's anemia and fatigue at step two. The ALJ highlighted records from Ms. Gesuero's many years of treatment and concluded that the anemia was "stable" and "not as severe as alleged[,]" and that her pain and fatigue stem from doubtful origins. (Tr. 455-57); *see* (Tr. 456-57) ("Treatment records from her hematologist [Dr. Smith] document that, although the

claimant complained of fatigue and abdominal pain, no clear etiology was identified, inferring that her anemia is not as severe as alleged."); (Tr. 455) ("Dr. Smith wrote . . . that [Ms. Gesuero] had currently no significant anemia and he believed that some of the claimant's reported symptoms could be due to a somatic disorder."). However, the ALJ failed to properly explain her weighing of objective medical evidence pointing to a contrary conclusion. In 2008 and 2009, Ms. Gesuero was hospitalized four times, suffering from gallbladder issues, pancreatitis, blood and kidney infections, and severe abdominal pain. *See* (Tr. 747-48, 785-87, 889-90). In October, 2009, Dr. Halverson documented Ms. Gesuero's ongoing issues: "recurrent sepsis[,] now three times in four months" and "recurrent [chronic] anemia . . . inappropriately low erythropoietin levels as well as recurrent iron deficiency requiring iron dextran infusions." (Tr. 623). *Contra* (Tr. 456) (The ALJ surmises that "[t]here is no indication from reviewing these reports that there was any significant decrease in [Ms. Gesuero's] hematologic counts reflective of an uncontrolled condition."). In December, 2009, Dr. Smith referred Ms. Gesuero to a pain specialist and relayed that she was "a woman with no quality of life because of chronic unremitting pain." (Tr. 613). Treatment notes from Drs. Smith and Halverson document consistent and frequent complaints of weakness and fatigue stemming from her anemia over a span of years. (Tr. 591-85). Despite these records from later years, the only RFC assessment in the entire record is from September 2004, (Tr. 312-15), and the ALJ discounted it, partly because "it was made without the benefit of subsequent evidence[.]" (Tr. 457-58). There are no physical RFC assessments from state agency consulting physicians, (Tr. 458), nor did the ALJ opt to follow the AC's recommendation that she obtain evidence from a medical expert to clarify the nature and severity of Ms. Gesuero's anemia, (Tr. 475). With the exception of Dr. Jiloca's 2004 opinion and an ambiguous 2004 consultative exam, (Tr. 335-38), no medical professional has opined about what functional limitations Ms. Gesuero might suffer from her chronic anemia and fatigue. Because the record is devoid of any medically-based interpretation of the hundreds of pages of treatment records post-2004, I am unable to determine if the ALJ's conclusion that Ms. Gesuero was capable of light-level work is based on substantial evidence. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Gesuero was ineligible for benefits was correct or incorrect.

For the reasons set forth herein, the Plaintiff's motion for summary judgment (ECF No. 14) and the Commissioner's motion for summary judgment (ECF No. 18) will be DENIED, the decision of the ALJ will be VACATED, and the case will be REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge